# In the United States Court of Federal Claims

No. 21-728C
(Filed: March 11, 2021)

* * * * * * * * * * * * * * * * * * * * * * * * * *

ELLEN BIRSNER,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

    Plaintiff, appearing pro se, filed a complaint on January 8, 2021. The complaint generally alleges that a large amount of fraud occurred during the 2020 Presidential Election. Plaintiff claims, among other things, that "[b]allots were pulled out of suitcases" and "truck drivers were given pallets of completed ballots to bring from [New York] to [Pennsylvania]." Compl. at 2. Plaintiff asks this court to "[s]top the pending certification of Joe Biden as [P]resident… until all of the fraud allegations… have been fully and honestly investigated." *Id.* at 3. Defendant has not yet responded to the complaint, but we need not wait for an answer because it is obvious on the face of the complaint that this court lacks jurisdiction.

    A plaintiff, even when proceeding pro se, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This court has jurisdiction under the Tucker Act to adjudicate claims for monetary relief against the United States in cases not sounding in tort. 28 U.S.C. § 1491(a)(1) (2018). To invoke our jurisdiction, plaintiff must assert

a claim regarding some violation of a money-mandating law or contract provision. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). "A statute or regulation is money-mandating… if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Id.* (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)). This court also "has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)).

We lack jurisdiction over plaintiff's claims. The complaint neither cites any money-mandating statute nor otherwise pleads facts that might give rise to such a claim. Further, the request for injunctive relief is beyond our reach because it is not tied to an action for money damages. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
